**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FirePond, Inc.,

Plaintiff,

v.

Joe Fuca,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-498 ADM/AJB

---

Allen W. Hinderaker, Esq., and Jodi L. Johnson, Esq., Hinshaw & Culbertson, Minneapolis, Minnesota, appeared for and on behalf of the Plaintiff.

David T. Schultz, Esq., Halleland, Lewis, Nilan, Sipkins & Johnson, P.A., Minneapolis, Minnesota, appeared for and on behalf of the Defendant.

---

## I. Introduction

On August 10, 2000, the undersigned United States District Judge granted Defendant Joe Fuca's motion to dismiss for lack of personal jurisdiction. Plaintiff FirePond, Inc. ("FirePond") subsequently submitted a letter requesting leave to file a motion to reconsider the August 10, 2000 Order ("Order"), pursuant to Fed. R. Civ. P. 59(e) and 60(b). For the reasons set forth below, FirePond's request for leave to amend or modify the judgment is denied.

## II. Discussion

The Severance Agreement was executed subsequent to the Stock Option Agreements. The Severance Agreement specifies Massachusetts in its forum selection clause while the Stock Option Agreements specify Minnesota. In the motion to dismiss for lack of personal jurisdiction, Fuca argued that California was the proper forum. FirePond responded that Minnesota was the appropriate forum.

FILED 9-7-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Order disagreed with both parties and concluded that the parties consented to Massachusetts as the appropriate forum for any disputes. The Order reasoned that the "primordial nature of the Severance Agreement suggests that the Massachusetts forum selection clause applies to the present dispute." Order at 5. First, the parties intended to amend the Stock Options Agreements by modifying the original forum selection clause. See id. at 5. The Severance Agreement modified Fuca's option rights originally granted under the Stock Option Agreements. Second, the Complaint focuses primarily on the surrounding negotiation and execution of the Severance Agreement. Third, the relief sought by FirePond revolves around the terms of the Severance Agreement.

By letter requesting leave to file a motion for reconsideration, FirePond now challenges the Court's determination of the primordial nature of the Severance Agreement. "FirePond agrees that separate actions, one in Minnesota based on the Stock Option Agreements and one in Massachusetts based on the Severance Agreement, are not preferred." FirePond argues that the Court's analysis is singularly based on an inaccurate determination that the "20,834 shares of stock FirePond seeks to repurchase in its request for relief were vested pursuant to the Severance Agreement." Pl. Letter at 1. FirePond maintains that pursuant to the Stock Option Agreements, 12,500 shares had already vested. FirePond maintains this is a manifest error of fact, requiring reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b).

In response, Fuca, also by letter, now acknowledges that Massachusetts, not California, is the appropriate forum for the current dispute.

The Court agrees that 12,500 shares had already vested under the Stock Option Agreements. Nonetheless, the number of shares vested pursuant to the Stock Option

Agreements, however, do not undermine the correctness of the judgment entered pursuant to the Order.

**A. Rule 60(b)**

According to FirePond, Fed. R. Civ. P 59(e) and 60(b) "permit parties to obtain reconsideration and reversal of orders to correct manifest errors of law and fact and to prevent injustice." Fed. R. Civ. P. 60(b) reads, in pertinent part:

> The court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other justifying relief from the operation of the judgment.

FirePond does not specify the subsection of Rule 60(b) on which it relies. The Court presumes FirePond relies on Rule 60(b)(6).[1]

"Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances." Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc., 194 F.3d 922, 925 (8th Cir. 1999); see also Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904-05 (8th Cir. 1997). The Court determined, *inter alia*, that the Severance Agreement modified the original forum selection clause contained in the Stock Option Agreements. Thus FirePond's argument

[1] At issue here is a Rule 60(b)(1) mistake by the Court, not a mistake by a party. "It remains the law of this Circuit that 'relief under Rule 60(b)(1) for judicial error other than judicial inadvertence' is not available." Lowry v. McDonnell Corp., 211 F.3d 457, 460-61 (8th Cir. 2000). Rule 60(b)(1), (2), (3), (4), and (5) are all plainly inapplicable.

that a majority of the shares vested under the Stock Option Agreements is insufficient to rise to the level of "extraordinary circumstances."

**B. Rule 59(e)**

Adopted to clarify a district court's power to correct its own mistakes in the ten-day period immediately following entry of judgment, Fed. R. Civ. P. 59(e) reads: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."[2] Rule 59(e) is "generally available only when a manifest error affects the 'correctness of the judgment.'" Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996). Once again, in granting Fuca's motion to dismiss for lack of personal jurisdiction, the Court did not rely solely on the number of shares vested pursuant to the Severance Agreement. In the present case, the number of vested shares do not affect the correctness of the judgment.

**C. Rules 59(e) and Rule 60(b) Bars Reargument of the Merits**

FirePond also seeks to alter or amend the judgment because the "Order further supports its holding by finding that Mr. Fuca's fraud related almost exclusively to the negotiations surrounding the Severance Agreement." Pl.'s Letter at 2. Rules 60(b) and 59(e) are not vehicles for rearguing the merits, as FirePond does here. See, e.g., Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

**IV. Conclusion**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS**

---

[2] It is unclear whether FirePond's request for leave is timely or sufficient to toll the ten-day period as mandated pursuant to Rules 59(e) and 6(b). See Spangle v. Ming Tah Elec. Co., 866 F.2d 1002, 1003 (8th Cir. 1989).

**HEREBY ORDERED** that Plaintiff's request for leave to file a motion for reconsideration [Doc. No. 15] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: 9/6/00